# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **RAJEN MANIAR** | **CASE NO. 6:18-CV-00544 SEC P** |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **WARDEN PINE PRAIRIE CORRECTIONAL CENTER** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM ORDER

### I.  Background

Petitioner, Rajen Maniar ("Maniar"), filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2241, on April 20, 2018, contesting his continued detention pending the outcome of his removal proceedings.  [Rec. Doc. 1]

On April 23, 2018, Maniar filed a Motion for Order to Show Cause, arguing that because his petition is not frivolous and demonstrates a prima facie entitlement to writ of habeas corpus, this Court should issue an order to show cause and order Respondent to file a return under 28 U.S.C. §2243 within three days.  [Rec. Doc. 5]

On April 30, 2018, proof of service was filed into the record, establishing that the summons was served on the only named defendant, the Pine Prairie Correctional Center Warden, on April 23, 2018, and setting forth that his answer is due twenty-one days from the date of service, or on May 14, 2018.  [Rec. Doc. 6]

## II. Law and Analysis

It is well settled that the strict time limit prescribed by § 2243 is subordinate to the Court's discretionary authority to set deadlines under Rule 4[1] of the Rules Governing § 2254 Cases.[2] *See Romero v. Cole*, No. 1:16-cv-148, 2016 WL2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016), *report and recommendation adopted*, 2016 WL 2844013 (W.D. La. May 12, 2016) (collecting authority, including *Baker v. Middlebrooks*, 2008 WL 938725, at *1 (N.D. Fla. 2008) (allowing sixty days to respond to a § 2241 habeas petition); *McMullen v. Caldwell*, 2015 WL 1976402 (M.D. Ga. 2015); *Hendon v. Burton*, 2014 WL 8186698 (E.D. Mich. 2014); *Oliphant v. Quiros*, 2010 WL 2011026 (D. Conn. 2010); *Hickey v. Adler*, 2008 WL 3835764, at *1 (E.D. Cal. Aug. 15, 2008) (allowing sixty days to respond to a § 2241 petition); *Castillo v. Pratt*, 162 F.Supp.2d 575, 576 (N.D. Tex. 2001) ("The discretion accorded by Rule 4 of the 2254 Rules 'prevails' over the strict time limits of 28 U.S.C. § 2243.")).

This Court finds that "allowing Respondent time to answer his Petition—and conducting a full review of all available and pertinent evidence—is warranted,

---

[1] Rule 4 of the Rules Governing § 2254 Cases states that, if the petition is not dismissed, the judge must order the Respondent to file an answer, motion, or other response within a fixed time. The Advisory Committee Notes to Rule 4, ¶ 4, discuss the Court's "greater flexibility [under Rule 4] than under § 2243 in determining within what time period an answer must be made."
[2] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler,* 2008 WL 3835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt,* 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards,* 952 F.Supp. 348 (S.D.W. Va. 1997).

commonplace according to the cases reviewed above, and reasonable under Rule 4."

*Romero v. Cole, supra* at *2.

## **ORDER**

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Motion for Order to Show Cause [Rec. Doc. 6] is hereby **DENIED.**

THUS DONE in Chambers on this 2nd day of May, 2018.

Patrick J. Hanna
United States Magistrate Judge