UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RAJEN MANIAR** | **CASE NO. 6:18-CV-00544 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WARDEN PINE PRAIRIE CORRECTIONAL CENTER** | **MAGISTRATE JUDGE HANNA** |

**ORDER OF DISMISSAL**

Petitioner Rajen Maniar filed his Petition for a Writ of Habeas Corpus asserting that his civil detention pursuant to 8 U.S.C. § 1226(c) was unconstitutional unless he was granted a bond hearing. At the time his Petition was filed, Dr. Maniar had been ordered removed by an immigration judge and he had timely filed an appeal of that order with the Board of Immigration Appeals. On September 17, 2018, Respondent filed a copy of the decision of the Board of Immigration Appeals, which reflected that on August 31, 2018, the BIA denied Dr. Maniar's appeal. This Court thereafter directed the parties to submit briefs regarding whether the Petition for a Writ of Habeas Corpus was now moot. Those briefs have now been filed. As the Court finds that the grounds asserted by the Petitioner are now moot, the Petition for Writ of Habeas Corpus is DISMISSED as moot.

The Petition for Writ of Habeas Corpus filed by Dr. Maniar challenges the constitutionality of his detention under 8 U.S.C. § 1226(c), which requires detention during the period before a removal order is final. Once an order of removal becomes a final order, the authority to detain an alien shifts to an entirely different provision, namely 8 U.S.C. § 1231. An order of removal becomes a final order when the Board of Immigration Appeals makes a determination affirming the order of removal. *See* 8 U.S.C. § 1101(a)(47)(B).

"Standing is a judicially-developed doctrine designed to ensure an Article III court is presented by parties before it with an actual case or controversy." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998). "An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (respectively quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009); *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). When the Board of Immigration Appeals denied Dr. Maniar's appeal, the removal order became administratively final and the Respondent's authority to detain him shifted to 8 U.S.C. § 1231, thus rendering his claim challenging detention under Section 1226(c) moot. See *Carbajal v. Holder*, 43 F. Supp. 3d 1184, at 1189-90 (collecting cases, including *Oyelude v. Chertoff*, 170 Fed.Appx. 366, 367 n.4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004 when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231.")

Dr. Maniar argues that his case falls within an exception to the general rule of mootness because his mandatory detention is "capable of repetition while evading review." In the Fifth Circuit, a party invoking this exception "must show either a 'demonstrated probability' or a 'reasonable expectation,'" *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002), that they will "be subject to the same [unlawful governmental] action again," *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). A "mere physical or theoretical possibility" is not sufficient to satisfy this prong of the exception. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). In the instant case, the possibility that Dr. Maniar would once again be subject to mandatory pre-removal detention under section 1226(c) is too speculative to constitute a reasonable expectation. *See Quezada v. Hendricks*, 821 F.Supp.2d

702 (D. NJ 2011) (finding that the prospect of the petitioner being subject to section 1226(c) again too speculative; "[b]ecause Quezada's order of removal is administratively final and the Third Circuit denied his motion for a stay, the only way he could again be subject to pre-removal period detention under § 1226(c) is if the Third Circuit were to grant his petition for review, vacate the order of removal, and remand the case to the BIA.")

For the foregoing reasons, the Court finds the Petition for Writ of Habeas Corpus is now moot and is hereby **DISMISSED**.

THUS DONE in Chambers on this 26th day of November, 2018.

Robert R. Summerhays
United States District Judge